AMERICAN GRAPHOPHONE CO. v. NATIONAL GRAMOPHONE CO. et al.

(Circuit Court, S. D. New York. December 11, 1900.)

PATENTS—SUIT FOR INFRINGEMENT—WITHDRAWAL OF DEFENSE.

One who is not a party to a suit for infringement, but has become privy to it by assuming the defense under an agreement to protect the defendant, may withdraw from the prosecution of the defense, and the appearance entered for defendant by its counsel, at any time; but pleadings and evidence already on file or in the hands of officers of the court, whether examiner, master, or clerk, cannot be withdrawn.

Petition of the Berliner Gramophone Company and the United States Gramophone Company to withdraw answer and testimony introduced by it on behalf of the defendant Seaman, under contract to defend.

The bill in equity in this case was filed December, 1898, to restrain the defendants from infringing letters patent of the complainant Nos. 341,214, issued May 4, 1886, to Bell and Tainter; 341,288, issued May 4, 1886, to Sumner Tainter; 375,579, issued December 27, 1887, to Charles Sumner Tainter, —all being for improvements relating to graphophones. An answer on behalf of the defendants was filed shortly thereafter by counsel retained by the Berliner Gramophone Company, which was not a party defendant. At the time of the filing of the bill of complaint, Frank Seaman, one of the defendants, had a contract with said Berliner Gramophone Company by which the said Seaman was made the sole selling agent of the said Berliner Gramophone Company, and by which contract it was obligated to defend the said Seaman in any suits for infringements which might be brought against him by reason of his selling the gramophones and gramophone goods of the Berliner Gramophone Company. The Berliner Gramophone Company, in co-operation with the United States Gramophone Company, its licensor, thereupon undertook and carried on the defense of the said suit against the said Seaman by its own counsel, at its own expense. On or about the 5th day of May, 1900, a consent decree, without the knowledge of the Berliner Gramophone Company, was entered by the National Gramophone Company with the connivance and knowledge of the said Seaman, as alleged by the petitioners, for the purpose alleged, of injuring the business of the Berliner Gramophone Company. After the date of the said consent decree no further testimony was taken by the said Berliner Gramophone Company on behalf of the defendants. On July 26, 1900, the Berliner Gramophone Company notified the said Frank Seaman of the termination of its contract with him, by reason of certain alleged breaches on the part of the said Seaman; and about this time the said Seaman instituted suit in the United States circuit court for the Western district of Virginia to restrain the Berliner Gramophone Company from terminating its contract. On October 19, 1900, the American Graphophone Company secured an order limiting the time of the defendant Seaman for completing his testimony; and on November 16, 1900, the Berliner Gramophone Company and the United States Gramophone Company, the petitioners in this motion, presented their petition praying for leave to withhold all testimony from the case taken by it at its expense on behalf of the defendant Seaman, and to withdraw the answer filed, and also the appearances of its counsel which had been entered for the defendant Seaman. The defendants' testimony taken before a notary had not been filed in the office of the clerk of the court. For former opinion, see 90 Fed. 824.

Philip Mauro and C. A. L. Massie, for complainant.

Horace Pettit, Howard W. Hayes, and Charles E. Mitchell, for petitioners.

Waldo G. Morse, for defendant Seaman.

LACOMBE, Circuit Judge. The situation in this case is as follows: The plaintiff contends that both defendants infringe its patents. The defendant Seaman has or had a contract with the Berliner Gramophone Company, under which they undertook to defend him, should he be sued for infringement because of his handling the instruments of the Berliner Company. This latter company therefore entered upon the defense of this case in behalf of Seaman, and has taken considerable testimony. Recently the defendant National Gramophone Company has conceded infringement, and allowed a decree to be entered against it. Moreover, quarrels have arisen between Seaman and the Berliner Company, and their relations are greatly strained. Under these circumstances the Berliner Company (which never was made a party to the suit) desires to withdraw from the further prosecution of the defense, in order that the final adjudication in this suit may not have the effect in other litigations of a decision against a privy who had the opportunity to defend, and who did defend. To this there can be no possible objection. Indeed, it was wholly unnecessary to apply to the court for leave to withdraw from the prosecution of Seaman's defense; it being a matter entirely betwixt the Berliner Company and himself. Nevertheless it was perhaps desirable for the Berliner Company to make it thus a matter of record, so that their position in the future litigation between the parties to the suit might not be misunderstood. It further asks leave to withdraw the answer now on file, and the proofs presented by the petitioner, and that petitioner's counsel, who have appeared for said defendant Seaman, may be allowed to withdraw such appearances. As to the withdrawal of appearances of counsel, the application is granted, with the proviso that such withdrawal be not operative until 10 days from the date of the entry of this order, so that opportunity may be afforded to Mr. Seaman to retain other counsel to appear for him. Documents already on file, however, or in the hands of officers of the court, whether examiner, master, or clerk, may not be withdrawn from the files. Therefore the motion as to the answer and as to any proofs that have been filed is denied. As to the proofs which have been taken in the case, but have not yet come within the custody of the court, this court has nothing to do with them. Withdrawing, as they do, from the case, the Berliner Company, and the counsel with which it supplied Mr. Seaman, are under no obligation to file anything which they have not yet filed. Much of the testimony, however, it may be supposed, has been taken down stenographically, and transcript written out for both sides. What shall be done touching this testimony—whether it shall be, by assent of both parties to the continuing litigation, hereafter filed as a part of the defendant's testimony, or whether it shall become the subject of some motion by one side or the other—is a matter which the court is not now called upon to decide. Certainly it has no power to require the complainant to deliver up to the Berliner Company the transcripts of the testimony which the complainant already has, or to assent to their destruction.